**Dated: August 23, 2005**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **REGINALD EUGENE EASTERLING,** | ) | Case No. 05-70745 |
| **a/k/a REG EASTERLING** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## O R D E R

On the 1st day of August, 2005, the Motion to Dismiss, filed by Jeannie Braum ("Creditor"); and Objection to Jeanne Braum's Motion to Dismiss, filed by Debtor; came on for evidentiary hearing. Appearances were entered by David L. Morris, Attorney for Creditor, and James A. Conrady, Attorney for Debtor. After hearing evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 3, 2005. Debtor is an insurance agent and rancher residing in Ada, Oklahoma. Creditor filed its Motion to Dismiss on May 2, 2005. Debtor's discharge was entered June 16, 2005. In its Motion, Creditor alleges that this case should

EOD 8/23/05 by cc

be dismissed pursuant to 11 U.S.C. § 707(a)(1) and § 727(a)(8) (Creditor cites 11 U.S.C. § 727(a)(8) in her Motion, however, at the hearing Creditor urged dismissal pursuant to § 727, alleging Debtor concealed assets in his bankruptcy case). Creditor alleges in its Motion that cause exists to dismiss the case because the Debtor is not eligible for a discharge and that the Debtor owns assets which could be used to satisfy all Debtor's indebtedness. Creditor further alleges that Debtor is attempting to avoid paying his debts.

At the hearing, Debtor testified as to his assets and bankruptcy schedules and his relationship and transactions with the Creditor. Debtor and Creditor were previously engaged to be married, during which time Creditor loaned Debtor approximately $31,000. Debtor used the $31,000 to pay bills, and agreed to pay back the debt within six (6) years. In addition to the $31,000 unsecured claim, Creditor also has three judgments against the Debtor based upon promissory notes signed by the Debtor.

Debtor testified that his bankruptcy schedules and affidavits are true and correct to the best of his knowledge. Debtor further stated that he disclosed all his assets and debts to the Court. Upon review of Debtor's schedules, Debtor failed to disclose his interest in a partnership and failed to disclose the existence of his irrevocable management trust. Debtor stated at trial, however, that he did disclose all his assets, regardless of whether they are property of the partnership or trust. Debtor also stated at trial that his assets are encumbered by bank liens. With the exception of a one-half interest in a welder, it appears that the assets at issue during the evidentiary hearing were all disclosed in Debtor's schedules.

Section 707(a)(1) of the Bankruptcy Code provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause including -
    (1) unreasonable delay by the debtor that is prejudicial to creditors.

2

11 U.S.C. § 707(a)(1). "Cause" is not defined in the Bankruptcy Code. *In re Harker,* 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995). Section 707(a) provides a list of three instances which would result in a dismissal, however, this list is not exclusive. *In re McCullough,* 229 B.R. 374, 376 (Bankr. E.D. Va. 1999).

Creditor cited § 707(a)(1) in her Motion to Dismiss, however, during the evidentiary hearing Creditor urged dismissal due to Debtor's alleged bad faith in failing to disclose assets. Creditor did not show that the Debtor has caused unreasonable delay in the present case. This Court was not presented with any evidence that the Debtor has failed to take any necessary steps for the proper administration of the estate.

This Court now turns to the bad faith allegations raised by the Creditor at the evidentiary hearing. Some courts have held that a debtor's lack of good faith is a valid cause for dismissing a Chapter 7 case. *See, e.g., Industrial Insurance Services, Inc. v. Zick (In re Zick),* 931 F.2d 1124 (6th Cir. 1991); *Tamecki v. Frank (In re Tamecki),* 229 F.3d 205 (3d Cir. 2000). However, the Eighth Circuit Court of Appeals has held that the analysis under § 707(a) should be conducted under the statutory standard "for cause" and should only include bad faith if it rises to the level of extreme misconduct falling outside of the scope of more specific Bankruptcy Code statutes. *Huckfeldt v. Huckfeldt, (In re Huckfeldt),* 39 F.3d 829 (8th Cir. 1994). The Court of Appeals for the Ninth Circuit has rejected bad faith as "cause" for dismissal under § 707(a). *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1193 (9th Cir. 2000). The United States District Court of Colorado has also rejected bad faith as "cause" for a § 707(a) dismissal, holding that there is no good faith filing requirement in Chapter 7. *Shangraw v. Etcheverry (In re Etcheverry),* 242 B.R. 503 (D. Colo. 1999). The District Court of Colorado stated it was "hesitant to

Case 05-70745    Doc 54    Filed 08/23/05    Entered 08/23/05 15:31:42    Desc Main
Document      Page 3 of 4

impose such a good faith requirement when it is clear that our nation's Supreme Court, the Tenth Circuit, and Congress have not." *Id.,* at 507.

In the present case, it appears the Debtor disclosed all his assets with the exception of a one-half interest in a welder. Debtor admittedly failed to properly identify whether certain assets were property of the trust or the partnership, however, that failure does not rise to the level of extreme misconduct referred to in the cases cited above.

Section 727 of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless certain facts preclude the Debtor from receiving a discharge. 11 U.S.C. § 727. However, the objection to a debtor's discharge pursuant to 11 U.S.C. § 727 are issues that are properly commenced as an adversary proceeding. Rule 7001, Fed. R. Bankr. P. In this case, the deadline for filing an adversary complaint objecting to discharge was June 4, 2005.

This Court also notes that a discharge has already been entered in this case. A dismissal of this case would not in itself revoke the discharge. *See, e.g., In re Rodriguez,* 255 B.R. 118 (Bankr. S.D.N.Y. 2000) (court denied trustee's motion to dismiss based upon debtor's lack of cooperation once a discharge has been entered, noting that dismissal of case will not revoke discharge order). The Trustee in the present case, Karen Carden Walsh, did not move for dismissal of the case, and at this juncture, the Trustee could file a complaint to revoke Debtor's discharge if the Trustee were inclined to do so.

IT IS THEREFORE ORDERED that the Motion to Dismiss is **denied.**

###

4

Case 05-70745    Doc 54    Filed 08/23/05    Entered 08/23/05 15:31:42    Desc Main Document      Page 4 of 4